IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Charles Ryan Murphy, | ) | Case No. 4:19-cv-02991-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Roger W. Tilton, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On October 25, 2019, the Magistrate Judge issued an Order informing Plaintiff that his case was subject to summary dismissal. ECF No. 10. Plaintiff was told that he could attempt to cure the defects in his complaint by filing an amended complaint. Plaintiff was warned that failure to file an amended complaint could result in dismissal of his claim without leave for further amendment. Plaintiff did not file an amended complaint or respond to the order.

On January 3, 2020, the Magistrate Judge issued a Report recommending that this case be dismissed without issuance and service of process. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the

Report and the serious consequences if he failed to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  This action is dismissed and without issuance and service of process.[1]

---

[1] *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

rendering the dismissal order a final, appealable order") (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).